UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL NO. 3:13-cv-550-FDW-DSC

| | |
|---|---|
| CLAUDIA BARRETT, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | |
| ) | ORDER |
| SHAPIRO & INGLE, L.L.P, HSBC ) | |
| MORTGAGE SERVICES, INC. & ) | |
| DECISION ONE MORTGAGE ) | |
| COMPANY, LLC, ) | |
| ) | |
| Defendants. | |

THIS MATTER is before the Court upon Plaintiff's "Motion for Injunction or Temporary Restraining Order." (Doc. No. 12). Plaintiff asks that the Court stop eviction proceedings by the Mecklenburg County Sherriff scheduled for November 15, 2013. Although Plaintiff purports to bring this motion pursuant to "FRCP 4.1(a)," the Court notes that there is no such Rule of Federal Procedure and Rule 4 of the Federal Rules of Civil Procedure addresses a summons not injunctions or temporary restraining orders. Moreover, Plaintiff did not include any current defendant in this suit in her case caption of her motion. Instead, Plaintiff lists "1H2 Property North Carolina, LP" and the Mecklenburg County Sheriff. The Court notes that neither entity is a defendant in the instant lawsuit. In addition, in her certificate of service attached to her motion, Plaintiff indicates that she mailed a copy of her motion to the Mecklenburg County Sheriff's Department and to Rebecca K. Lindahl, Katten Muchin Rosenman, 550 S. Tryon Street, Suite 2900, Charlotte, NC 28202. (Doc. No. 12 at 4). Neither the Sheriff's Department nor Rebecca K. Lindahl are parties or lawyers to this lawsuit.

1

Next, Rule 65(b) provides a mechanism whereby the movant may temporarily restrain an adverse party, without advance notice to that party, but only if

> specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss or damage will result before the adverse party can be heard in opposition . . . [and] the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1). In evaluating a request for a temporary restraining order ("TRO"), the Court considers the same factors applied for a preliminary injunction. Hoechst Diafoil Co. v. Nan Ya Plastics Corp., 174 F.3d 411 (4th Cir. 1999). Those factors are: (1) the likelihood of irreparable harm to the plaintiff if the injunctive relief is denied, (2) the likelihood of harm to the defendant is the requested relief is granted, (3) the likelihood that the plaintiff will succeed on the merits, and (4) the public interest. Direx Israel, Ltd. V. Breakthrough Med. Corp., 952 F.2d 802, 812 (4th Cir. 1991). A temporary restraining order is an extraordinary remedy which involves the exercise of far-reaching powers which are to be used sparingly by a court. Scotts Co. v. United Indus. Corp., 315 F.3d 264, 272 (4th Cir. 2002).

Plaintiff's motions fails. Indeed, even if the Court assumes that eviction from the property amounts to irreparable harm, Plaintiff has failed to demonstrate that she would succeed on the merits at trial. Indeed, there are currently two motions to dismiss currently before the Court[1] that appear to establish that this Court lacks jurisdiction in this matter pursuant to the Rooker-Feldman doctrine.[2] Thus the Court does not find any reason to use the extraordinary remedy of a TRO.

---

[1] While the first motion to dismiss is ripe, the Court has given Plaintiff until November 25, 2013 to file a response to the second motion to dismiss.
[2] The Rooker-Feldman doctrine provides that "a party losing in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States district court, based upon losing party's claim that the state judgment itself violates the losers federal rights." Johnson v. DeGrandy, 512 U.S. 997, 1005-06); Rooker v. Fidelity Trust Co., 263 U.S. 413, 416 (1923).

Accordingly, for the reasons stated herein, Plaintiff's "Motion for Injunction or Temporary Restraining Order" is **DENIED**.

IT IS SO ORDERED.

Signed: November 14, 2013

Frank D. Whitney
Chief United States District Judge