# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL NO. 3:13-cv-550-FDW-DSC

| | |
|---|---|
| CLAUDIA BARRETT, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) |
| | ) ORDER |
| SHAPIRO & INGLE, L.L.P, HSBC | ) |
| MORTGAGE SERVICES, INC. & | ) |
| DECISION ONE MORTGAGE | ) |
| COMPANY, LLC, | ) |
| | ) |
| Defendants. | |

**THIS MATTER** is before the Court on HSBC Mortgage Services, Inc. and Decision One Mortgage Company, LLC's Motion to Dismiss Plaintiff's Amended Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1), (b)(5), and (b)(6), and Memorandum in Support of Motion to Dismiss (Doc. No. 20), Plaintiff's Response (Doc. No. 22), and Defendants' Reply (Doc. No. 23). Also before the Court is Defendant Shapiro & Ingle, LLP's Motion to Dismiss Plaintiff's Amended Complaint and Memorandum in Support (Doc. Nos. 18 and 19) and Plaintiff's Response. (Doc. No. 22). On December 11, 2013, the Court issued a Roseboro notice due to Plaintiff's pro se status (Doc. No. 21), advising Plaintiff of her right to respond to Defendants' Motions to Dismiss on or before December 26, 2013. For the reasons stated herein, Defendant HSBC's motion (Doc. No. 20) is GRANTED as to Defendant HSBC and Plaintiff's Amended Complaint is DISMISSED. The motion is DENIED as moot as to Defendant Decision One Mortgage Company LLC. Defendants Decision One Mortgage Company and Shapiro & Ingle are dismissed without prejudice and Defendant's Shapiro & Ingle's motion (Doc. No. 18) is DENIED as moot.

1

**BACKGROUND**

On July 20, 2006, Plaintiff executed and delivered a promissory note to Decision One, secured by a deed of trust on Plaintiff's residence located at 2625 Fairstone Avenue in Charlotte, North Carolina. (Doc. No. 15, Ex. C[1]). Defendant HSBC later became the holder of the promissory note and owner of the deed of trust, but Plaintiff disputes this stating that she "received no information or assignment from the lender" of such. (Doc. No. 1). Following Plaintiff's default under the promissory note, Defendant HSBC, through its substitute trustee Defendants Shapiro & Ingle, LLP, initiated foreclosure proceedings in state court. [2] On March 22, 2013, Assistant Clerk of Superior Court M. Joanne Romano conducted a hearing and entered an order allowing the deed of trust to be foreclosed by power of sale. (Doc. No. 20, Ex. 2). Plaintiff did not appeal the order allowing foreclosure or enjoin the foreclosure sale, and the property was sold at foreclosure on April 12, 2013. (Doc. No. 20, Ex. 3 and 4). The sale of Plaintiff's property was confirmed by the Clerk on June 19, 2013 to the highest bidder, IH2 Property North Carolina, L.P. for $74,000. (Doc. No. 20, Ex. 5). A trustee's deed was recorded with the Mecklenburg County Register of Deeds on July 6, 2013. (Doc. No. 20, Ex. 6).

On September 30, 2013, Plaintiff, who is appearing pro se, filed a Complaint against Shapiro & Ingle, LLP (Substitute Trustee for HSBC); HSBC Mortgage Services, Inc., and Decision One Mortgage Company, LLC (Doc. No. 1) seeking: (1) an order to set aside the Mecklenburg County Superior Court's (hereafter "state court") foreclosure and enjoin any

---

[1] Plaintiff's Amended Complaint refers to exhibits that are not attached. It appears that the exhibits referenced in Plaintiff's Amended Complaint are actually attached to an "Affidavit of Fact" that she filed on November 26, 2013. (Doc. No. 17).

[2] A copy of the Notice of Hearing on Foreclosure of Deed of Trust filed in Mecklenburg County Superior Court is attached to Plaintiff's Motion as Exhibit 1. This Court may take judicial notice of this and other foreclosure filings—which are all public record, integral to Barrett's complaint, and authentic—without converting this to a summary judgment motion. Philips v. Pitt Cnty. Mem. Hosp., 572 F.3d 176, 180 (4th Cir. 2009); Fed. R. Evid. 201(b).

further action by the state court and defendants related to the foreclosure; and a (2) determination that Defendant HSBC is not the holder of the Adjustable Rate Note and did not have authority to foreclose, and thus did not have the standing to initiate the order. (Doc. No. 1). Plaintiff also claimed that the note transfer was not properly disclosed to her in violation of the Truth in Lending Act (TILA) and requested that Defendants submit a debt disclosure statement in accordance with the Fair Debt Collection Practices Act (FDCPA). (Id.). On November 25, 2013, Plaintiff filed an Amended Complaint naming only HSBC still seeking declaratory relief and remedy from injury based on alleged FDCPA and TILA due to their "acting in bad faith via unauthorized acts." (Doc. No. 15).

## STANDARD OF REVIEW

The plaintiff has the burden of proving that subject matter jurisdiction exists. See Richmond, Fredericksburg & Potomac R.R. Co. v. United States, 945 F.2d 765, 768 (4th Cir.1991). The existence of subject matter jurisdiction is a threshold issue the court must address before considering the merits of the case. Jones v. Am. Postal Workers Union, 192 F.3d 417, 422 (4th Cir.1999). When a defendant challenges subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1), "the district court is to regard the pleadings as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." Richmond, 945 F.2d at 768. The district court should grant the Rule 12(b)(1) motion to dismiss "only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." Id.; see also Evans v. B.F. Perkins Co., 166 F.3d 642, 647 (4th Cir.1999).

In order to survive a Rule 12(b)(6) motion, the Complaint must contain enough facts so as to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678

(2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged." Id. Further, while the Court accepts plausible factual allegations in the complaint as true and considers those facts in the light most favorable to a plaintiff in ruling on a motion to dismiss, a court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." Eastern Shore Mkt.'s Inc. v. J.D. Assoc.'s, LLP, 213 F. 3d 175, 180 (4th Cir. 2000). A court cannot "accept as true allegations that contradict matters properly subject to judicial notice or by exhibit." Venev v. Wyche, 293 F. 3d 726, 730 (4th Cir. 2002) (citations and internal quotations omitted). While courts apply a more liberal standard to pro se complaints, even holding complaints written by pro se plaintiffs to "less stringent standards than formal pleadings drafted by lawyers," courts still are not bound by a plaintiff's legal conclusions. Haines v. Kerner, 404 U.S. 519, 520 (1972); Randall v. United States, 30 F.3d 518, 521 (4th Cir. 1994); Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

**ANALYSIS**

**I.   Defendant Shapiro & Ingle's Motion**

Defendant Shapiro & Ingle note that they are not named as a defendant in Plaintiff's Amended Complaint and that Plaintiff does not pray for any relief as to Shapiro & Ingle. (Doc. No. 15). Plaintiff acknowledges that it appears that Shapiro & Ingle was acting on behalf of HSBC. (Id.). Shapiro & Ingle opine that "Plaintiff [may have] simply overlooked her need to file a notice of dismissal."

The Court has reviewed Plaintiff's pleadings and agrees that Plaintiff has not named Shapiro & Ingle or Decision One Mortgage Company LLC as Defendants in the caption of her

4

Amended Complaint. Indeed, in response to the pending motions to dismiss, Plaintiff affirmatively states that she "has removed all other parties originally named in the initial verified complaint except HSBC Mortgage Services Inc." Plaintiff further states that her "sole intent is to establish for the record the rights and interests and true status of HSBC's Mortgage Service's Inc, and the legality of their actions prior to the foreclosure proceedings." (Doc. No. 22 at 2). The Court construe's these statements together with Plaintiff's Amended Complaint, which only names HSBC Mortgage Services, as Plaintiff's attempt to voluntarily dismiss Shapiro & Ingle and Decision One Mortgage Company. Therefore, the Court will dismiss Shapiro & Ingle and Decision One Mortgage Company LLC without prejudice and will deny Shapiro & Ingle's Motion to Dismiss (Doc. No. 18) as moot.

II. **HSBC Mortgage Service's Motion**

Defendant contends as a threshold matter that this Court lacks subject matter jurisdiction because Plaintiff's suit attempts to challenge a final and binding order of the Clerk of Superior Court for Mecklenburg County, and in the alternative, that Plaintiff fails to state a claim upon which relief can be granted. Specifically, Defendant contends that Plaintiff's Complaint should be dismissed because the Court's review of the state court's decision is barred by the Rooker-Feldman doctrine, and her claims are barred by res judicata because these claims were already decided by the state court and cannot be re-litigated. Defendant also argues that HSBC is not a "debt collector" under the Fair Debt Collection Practices Act ("FDCPA") and Plaintiff's Truth in Lending Act ("TILA") claim is time-barred. In the alternative, HSBC argues that Plaintiff failed to properly serve them in accordance with Rule 4(c)(2).[3]

---

[3] The Court need not address Defendant's arguments with respect to the FDCPA and TILA as this Court has determined that it is without jurisdiction over this case pursuant to the Rooker-Feldman doctrine and because Plaintiff's Amended Complaint would be barred by the doctrine of res judicata. For the same reason, the Court need not address Defendant's argument that it was improperly served.

### A. <u>Rooker-Feldman</u> doctrine

Defendant first argues that the <u>Rooker-Feldman</u> doctrine bars this Court from reviewing the underlying state court judgment. See <u>District of Columbia Court of Appeals v. Feldman</u>, 460 U.S. 462 (1983); <u>Rooker v. Fidelity Trust Co.</u>, 263 U.S. 413 (1923). The Rooker–Feldman doctrine prohibits "lower federal courts ... from exercising appellate jurisdiction over final state-court judgments." <u>Lance v. Dennis</u>, 546 U.S. 459, 463 (2006) (per curiam). <u>Rooker–Feldman</u> is a "narrow doctrine," *id.,* which deprives district courts of subject matter jurisdiction over "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." <u>Exxon Mobil Corp. v. Saudi Basic Indus. Corp.</u>, 544 U.S. 280, 284 (2005). In other words, the doctrine applies "where a party in effect seeks to take an appeal of an unfavorable state-court decision to a lower federal court." <u>Lance</u>, 546 U.S. 459 at 466; see also <u>Adkins v. Rumsfeld</u>, 464 F.3d 456, 463–64 (4th Cir.2006).

Here, although Plaintiff removed some of the explicit requests in her original complaint that this Court review the state court foreclosure proceedings, she still effectively seeks review of a completed state court foreclosure. For example, she complains that HSBC did not provide any evidence that it was the holder of the note and the owner of the deed of trust (Doc. No. at 15 ¶¶ (f)-(i)), and asks this Court to determine "the lawful owner of the note … prior to the foreclosure proceedings." (Doc. No. 15 at 10 ¶¶ 1, 2). The state court already determined that HSBC was the holder of the note and owner of the deed of trust. Plaintiff effectively seeks to appeal the determination of the Mecklenburg County Superior Court to this Court, and invite this Court to reject the findings of the Superior Court.

6

Under the Rooker–Feldman doctrine, this Court lacks jurisdiction over the claims in Plaintiff's Amended Complaint that arise out of the state court foreclosure action. The United States Supreme Court has declared that "a party losing in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights." Johnson v. De Grandy, 512 U.S. 997, 1005–06 (1994) (citing Feldman, 460 U.S. at 482; Rooker, 263 U.S. at 416). This bar applies not only to issues actually presented to and decided upon by a state court, but to constitutional claims that are "inextricably intertwined with" those questions ruled upon by a state court. Plyler v. Moore, 129 F.3d 728, 731 (4th Cir.1997). And it precludes federal review not only of adjudications of a state's highest court, but also decisions of its lower courts. Jordahl v. Democratic Party of Va., 122 F.3d 192, 199 (4th Cir.1997). Thus, this Court lacks subject matter jurisdiction over Plaintiff's Amended Complaint which seeks redress for injuries allegedly caused by the state court's order of foreclosure.

**B. Res Judicata**

Plaintiff's Amended Complaint hinges on her argument that HSBC was not the holder of the note. The determination of the legitimate holder of Plaintiff's note was exactly what the state court decided and was necessarily encompassed within that decision.

Under North Carolina law, a clerk hearing a foreclosure of a deed of trust by power of sale must find: (i) a valid debt of which the foreclosing party is the holder; (ii) default; (iii) right to foreclose by power of sale under the debt instrument; (iv) notice to all parties entitled to it; (v) compliance with various consumer-protection notice provisions; and (vi) that the debtor is not an active-duty member of the armed services. N.C. Gen. Stat. § 45-21.16(d). Decisions of the clerk under N.C. Gen. Stat. § 45-21.1 are appealable to the superior court within 10 days and become

final, non-appealable orders if not appealed by the deadline. Phil Mechanical Constr. Co. v. Hillier, 72 N.C. App. 318, 325 (1985).

Here, in the March 22, 2013 order, Assistant Clerk Romano found that HSBC "is the holder of [the Note], and that balance on [the Note] constitutes a valid debt to" HSBC. Plaintiff's 10-day deadline to appeal the order allowing foreclosure was April 1, 2013 and she did not appeal the order. The issues decided by the Clerk are therefore res judicata and neither the holder of the note nor the validity of the debt can be relitigated in this action. Id. at 322 ( [W]hen a mortgagee or trustee elects to proceed [by foreclosure under power of sale], issues decided [by the clerk] therein as to the validity of the debt and the trustee's right to foreclose are res judicata and cannot be relitigated . . . ."). Therefore, Plaintiff's Amended Complaint, which hinges on Plaintiff's claim that HSBC is not the holder of the note, is barred by the doctrine of res judicata and must be dismissed with prejudice.

## ORDER

**IT IS HEREBY ORDERED that:**

(1) Defendant HSBC Mortgage Services, Inc's Motion to Dismiss Plaintiff's Amended Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1), (b)(5), and (b)(6) (Doc. No. 20) is GRANTED as to HSBC and DENIED as moot as to Defendant Decision One Mortgage Company LLC ;

(2) Defendants Shapiro & Ingle and Decision One Mortgage Company are dismissed without prejudice;

(3) Defendant Shapiro & Ingle's Motion to Dismiss (Doc. NO. 18) is DENIED as moot.


IT IS SO ORDERED.

Signed: January 15, 2014

Frank D. Whitney
Chief United States District Judge